United States Court of Appeals
Fifth Circuit

**F I L E D**

May 24, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
_____

No. 06-30420
_____

MATSUSHITA ELECTRIC CORPORATION OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT L. ADAMS,

Defendant-Appellant.

_____

Appeals from the United States District Court for the
Eastern District of Louisiana
2:04-cv-03046-HGB-SS

_____

Before REAVLEY, GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

The District Court granted Matsushita Electric Corporation of America("MECA")'s motion for partial summary judgment issuing a declaratory judgment that Robert L. Adams' claims against MECA are barred by res judicata and issue preclusion; that MECA neither owed nor

_____

[*]Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

1

breached any fiduciary duty to Mr. Adams or Axcess Global Communications of American Group, Axcess Global Commuications Corp. or Axcess USA Corp. (collectively, "Axcess"); and that neither Mr. Adams nor Axcess stated a claim against MECA for securities fraud or lender liability. After considering the parties' written and oral arguments in light of the record designated for our review, we AFFIRM for the reasons assigned by the District Court:

(1) When Mr. Adams purchased Axcess's claims against MECA from Axcess's bankruptcy estate the automatic stay ceased to affect those claims because they were no longer property belonging to that bankruptcy estate.

(2) The claims of Axcess and Mr. Adams against MECA are barred by res judicata because:

(a) MEI and MECA were in privity with each other in the prior Louisiana state court action in which valid final judgments were rendered in their favor against Axcess;

(b) Mr. Adams was in privity with Axcess in that state court action because he was a successor in interest to Axcess's claims, he appeared in the same capacity as Axcess by claiming damages on behalf of Axcess, he actively participated as a witness and deponent for Axcess in that litigation, and his interests were adequately and virtually represented by Axcess therein; further, he was Axcess's president, majority

shareholder, chairman of its board and chief executive in the activities giving rise to Axcess's claims asserted in that state court action.

(c) Moreover, Mr. Adams' personal claims as well as those he purchased from Axcess were based on and arose out of the same transaction that formed the basis of Axcess' unsuccessful state court action against MEI; and he stood to recover $200 million from the damages sought by Axcess in that state court action.

(3) The remainder of Mr. Adams's claims were not properly and timely raised and are therefore waived. See Savers Federal Sav. & Loan Assoc'n. v. Reetz, 888 F.2d 1497, 1501 (5th Cir. 1989) ("the parties cannot . . . advance new theories or raise new issues in order to secure a reversal of the lower court's grant of summary judgment.").

For these reasons the judgment of the District Court is

AFFIRMED.

3